**E-Filed 7/22/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE R. CARNERO and MARTHA C. CARNERO,<br><br>            Plaintiff,<br><br>      v.<br><br>LUKE WEAVER, DOING BUSINESS AS WORLDWIDESAVERS.COM HOME LOANS; WORLDWIDESAVERS.COM HOME LOANS; NEW CENTURY MORTGAGE CORPORATION; FIDELITY NATIONAL TITLE COMPANY; HOMEQ SERVICE COMPANY; DEUTCSHE BANK NATIONAL TRUST COMPANY; TD SERVICE COMPANY,<br><br>            Defendants. | Case Number C 09-1995 JF (RS)<br><br>**ORDER[1] GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>RE: Docket Nos. 5, 8, 14, 15, 16 |

Plaintiffs Jose Carnero and Marta Carnero ("Plaintiffs") allege violations of the federal Truth in Lending Act ("TILA"), the Home Ownership and Equity Protection Act ("HOEPA"),

---

[1] This disposition is not designated for publication in the official reports.

and 12 C.F.R. § 226.32 ("Regulation Z") in addition to several state-law claims. Plaintiffs allege that Defendants Luke Weaver, dba Worldwidesavers.com Home Loans ("Weaver"), New Century Mortgage Corporation ("NCMC"), Fidelity National Title Company ("Fidelity"), Barclays Capital Real Estate, Inc., dba Homeq Service Company ("Homeq"), Deutcshe Bank National Trust Company ("Deutcshe"), and TD Service Company ("TD") (collectively "Defendants") failed to disclose important information about their mortgage in the clear and conspicuous manner as required by law. Defendants move to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted, and Plaintiffs move to remand the action to state court.[2] Both motions are opposed. For the reasons described below, the motion to dismiss will be granted in part and denied in part and the motion for remand will be denied.

## I. BACKGROUND

On April 20, 2005, Plaintiffs purchased a parcel of real property located in San Jose, California. Defendants contend that the real property is solely an investment property. Defs.' Mem. P. & A. in Supp. of Motion to Dimiss, p. 2. Plaintiffs claim that the property should not be classified as an investment property because they have "lived [in] and owned" the house for sixteen years. Pls.' Answer to Defs.' Mot. to Dismiss, p. 5 ¶ 10. However, Plaintiffs concede that the property is "not the primary home." *Id.* In 2006, Plaintiffs decided to refinance the property and entered into a new loan agreement with NCMC. Plaintiffs contend that they were not provided with a version of the final loan documents in their native Spanish language. Compl. ¶ 47. Plaintiffs executed a promissory note, which was secured by a deed of trust, in the amount of $684,000.00. NCMC originated Plaintiffs' loan. HomEq is the servicer for the subject loan, Deutsche, as the trustee, holds the beneficial interest in the loan, and TD is the foreclosure trustee.

On March 16, 2009, Plaintiffs filed the instant action in the Santa Clara Superior Court, seeking injunctive and declaratory relief and damages. On May 6, 2009, Homeq and Deutsche

---

[2] Plaintiffs also move for entry of default judgment. However, as will be discussed below, Defendants' response to the complaint was timely.

2

Case No. C 09-1995 JF (RS)
ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFFS' MOTION TO REMAND
(JFEX2)

removed the action to this Court pursuant to 28 U.S.C. § 1441.

## II. LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6)

A complaint may be dismissed for failure to state a claim upon which relief may be granted for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. In addition, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Conversely, dismissal may be ordered with prejudice when amendment would be futile. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

**A.     Timeliness of TILA & HOEPA claims**

Defendants argue that Plaintiffs' TILA and HOEPA claims are barred by the applicable one-year statute of limitations that begins to run when the transaction underlying the alleged violation is "consummated."[3] *See King v. California*, 784 F.2d 910, 915 (9th Cir.1986); *see also* 15 U.S.C. § 1640(e). In the instant case, Plaintiffs' TILA and HOEPA claims arose at the closing of the subject mortgage transaction on October 6, 2006. Plaintiffs did not file the instant action until March 16, 2009, more than one year from the date of the transaction. Thus, the one-year time limit of § 1640(e) has expired. In order to plead that their claims are timely, Plaintiffs must allege facts supporting equitable tolling of the limitations period.

---

[3] Because HOEPA, 15 U.S.C.A. § 1639, is an amendment to TILA, it is governed by the same one year statute of limitations. *Foster v. EquiCredit Corp.,* 2001 WL 177188 (E.D. Pa. Jan, 26, 2001).

3

Case No. C 09-1995 JF (RS)
ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTION TO REMAND
(JFEX2)

The Ninth Circuit has held that TILA's remedial purpose authorizes equitable tolling of the limitations period in appropriate circumstances. *King*, 784 F.2d at 915. Such circumstances exist where "a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2002). In such a case, the limitations period may be extended "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915. "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss . . . if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006). A motion to dismiss on statute of limitations grounds should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Plascencia v. Lending 1st Mortgage*, 583 F. Supp. 2d 1090, 1097 (N.D. Cal. 2008) (quoting *Durning v. First Boston Corp.*, 815 F.2d 1265, 1278 (9th Cir. 1987)); *Ford v. Wells Fargo Home Mortg.*, No. 08-4276 SC, 2008 WL 5070687, at *4 -5 (N.D. Cal. Dec. 1, 2008) (declining to grant motion to dismiss on statute of limitations grounds because "factual allegations in the Complaint, construed in a light most favorable to Plaintiffs, might give rise to tolling of the statute").

In this case, Plaintiffs claim that they are entitled to equitable tolling because Defendants did not provide them a version of the loan documents in their native Spanish language. This allegation is sufficient to raise questions about the reasonableness of Plaintiffs' ignorance of their TILA and HOEPA claims until after the expiration of the limitations period.

**B.    Repayment of Principal under TILA**

However, even assuming that Plaintiffs have sufficiently alleged equitable tolling and that their claim therefore is timely, Plaintiffs have not alleged that they are willing and able to repay the principal of their loan. This allegation is necessary pursuant to *Pagtalunan v. Reunion Mortg. Inc.,* C 09-00162, 2009 WL 961995, at *3 (N.D. Cal. Apr. 8, 2009) (explaining that "[w]hile failure to give certain correct disclosures does extend the rescission period for up to

4

three years . . . Plaintiffs' rescission claim fails, because Plaintiffs do not allege that they are willing to repay what they borrowed less finance charges."); *Yamamoto v. Bank of N.Y.,* 329 F.3d 1167, 1172-73 & n. 5 (9th Cir.2003) (stating that "[i]f it is clear from the evidence that the borrower lacks the capacity to pay back what she received (less interest, finance charges, etc.) the court does not lack the discretion to do before trial what it could do after".). *See also* Cal. Civ. Code § 1691 (rescission is conditioned on the borrower's repayment of loan proceeds). Because Plaintiffs have not alleged that they can return the funds they borrowed, their TILA claim is insufficient as presently pled.

### C. 26 C.F.R. § 226.32 (Regulation Z)

12 C.F.R. § 226.32 states that "the requirements of this section apply to a consumer credit transaction that is secured by the consumer's principal dwelling." 12. C.F.R. § 226.32(a)(1). It is undisputed that the property at issue in the instant action was bought by Plaintiffs as an investment property. Although Plaintiffs contend that it should not be classified as such, they do not cite any legal authority to support their contention. Rather, in their opposition to the motion to dismiss, Plaintiffs concede that the property is not their primary home. Accordingly, Regulation Z does not apply to this case, and Plaintiffs' claims pursuant to Regulation Z must be dismissed..

### D. Supplemental Jurisdiction

While courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." *Id*. at § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider

5

Case No. C 09-1995 JF (RS)
ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTION TO REMAND
(JFEX2)

and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."); *accord City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997).

Because it remains unclear whether the instant action contains any viable federal claims, the Court will defer ruling on Defendants' motion with respect to Plaintiffs' state-law claims and will stay the instant action until it properly may determine whether Plaintiffs have stated a TILA claim against the moving Defendants. *Cf. Heil v. Wells Fargo Bank, N.A.*, 298 Fed. Appx. 703, 707, 2008 WL 4516685, at *4 (10th Cir. 2008) (noting that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims," and affirming district court's decision not to exercise supplemental over state-law claims based on alleged TILA violations). Plaintiffs should have leave to amend their complaint to state a viable federal claim.

**E.   Remand**

Plaintiffs move to remand the instant action to state court. Although they have alleged violations under several federal statutes, including TILA, HOEPA, and Regulation Z, Plaintiffs contend that removal was untimely. They argue that because they filed their state-court complaint on March 16, 2009 and Defendants filed their notice of removal on May 6, 2009, Defendants did not remove within the thirty-day period allowed under 28 U.S.C. § 1446(b). Although Plaintiffs did not serve Defendants with a proper summons and copy of their complaint, they did serve Defendants on March 30, 2009 with a request for production of document.[4] Plaintiffs contend that even if the removal period is calculated as of that date, removal still would be untimely.

28 U.S.C. § 1446(b) provides two thirty-day windows during which a case may be removed. The first window commences after the defendant receives the initial pleading. 28 U.S.C. § 1446(b). However, if it is not clear from the initial pleading that the case is removable, the case may be removed within thirty days after the defendant receives a paper "from which it

---

[4] Plaintiffs' request asked Defendants to produce the original promissory note.

6

Case No. C 09-1995 JF (RS)
ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFFS' MOTION TO REMAND
(JFEX2)

may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." *Id.*  If a notice of removal is filed after the expiration of the second period, it is untimely, and remand to state court is appropriate. *Id.; see Ambriz v. Luxury Imports of Sacramento Inc.,* C 08-01004, 2008 WL 1994880 (N.D. Cal. May 5, 2008) (held that plaintiff's settlement letter to defendant did constitute an "other paper" under 28 U.S.C. § 1446(b) so as to trigger the thirty-day removal period because the letter provided enough information to put defendants on notice that the case was removable). *See also Babasa v. LensCrafters, Inc.,* 498 F.3d 972, 975 (9th Cir. 2007) (reasoning that defendants could have ascertained, upon receiving plaintiff's letter, that the case was removable).

In the instant action, Plaintiffs' request for production of document was insufficient to put Defendants on notice that the case was removable.  The request does not contain any information that would allow Defendants to ascertain the claims Plaintiffs intended to assert or whether any of these claims is federal in nature; it requests merely that the Defendants produce the original promissory note.  In the Ninth Circuit, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 694 (9th Cir. 2005).

### IV. ORDER

Good cause therefor appearing, it is hereby ordered that:

1. Defendants' motion to dismiss is granted in part and deferred in part, with leave to amend as set forth herein;
2. Plaintiffs' motion for remand is denied; and
3. Any amended complaint shall be filed within thirty (30) days of the date on this order.

DATED: 7/22/09



JEREMY FOGEL
United States District Judge

Case No. C 09-1995 JF (RS)
ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTION TO REMAND
(JFEX2)

1 | This Order has been served upon the following persons:

2 | Eric D. Houser    scleere@houser-law.com

3 | Joshua Howard Abel    jabel@houser-law.com, chershey@houser-law.com

Lee P. Bardellini    cmcalice@bscb.com, storres@bscb.com

8

Case No. C 09-1995 JF (RS)
ORDER GRANTING IN PART AND DEFERRING IN PART DEFENDANTS' MOTIONS TO DISMISS AND
DENYING PLAINTIFFS' MOTION TO REMAND
(JFEX2)