**E-Filed 12/18/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE R. CARNERO and MARTHA C. CARNERO,<br><br>          Plaintiffs,<br><br>     v.<br><br>LUKE WEAVER, DOING BUSINESS AS WORLDWIDESAVERS.COM HOME LOANS; WORLDWIDESAVERS.COM HOME LOANS; NEW CENTURY MORTGAGE CORPORATION; FIDELITY NATIONAL TITLE COMPANY; HOMEQ SERVICE COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY; TD SERVICE COMPANY,<br><br>          Defendants. | Case Number C 09-1995 JF (RS)<br><br>**ORDER[1] GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LIMITED LEAVE TO AMEND**<br><br>RE: Docket Nos. 33, 37 |

On August 20, 2009, Plaintiffs Jose Carnero and Marta Carnero ("Plaintiffs") filed their First Amended Complaint ("FAC"). The FAC deleted the federal claims Plaintiffs had asserted previously, alleging violations of the federal Truth in Lending Act ("TILA"), the Home

---

[1] This disposition is not designated for publication in the official reports.

Ownership and Equity Protection Act ("HOEPA"), and 12 C.F.R. § 226.32 ("Regulation Z"). Plaintiffs allege that Defendants Luke Weaver, dba Worldwidesavers.com Home Loans ("Weaver"), New Century Mortgage Corporation ("NCMC"), Fidelity National Title Company ("Fidelity"), Barclays Capital Real Estate, Inc., dba Homeq Service Company ("Homeq"), Deutsche Bank National Trust Company ("Deutsche"), and TD Service Company ("TD") (collectively "Defendants") failed to disclose important information about their mortgage in the clear and conspicuous manner as required by law. On August 28, 2009, Fidelity moved to dismiss the FAC for failure to state a claim upon which relief may be granted. On August 31, 2009, the remaining Defendants filed their motion to dismiss the FAC on the same grounds. Plaintiffs filed opposition to both motions on November 13, 2009. For the reasons discussed below, the motions will be granted, with limited leave to amend.

## I. BACKGROUND

In 1989, Plaintiffs purchased the subject real property located in San Jose, California. Defendants contend that the property is held solely for investment. Defs.' Mem. P. & A. in Supp. of Motion to Dimiss, p. 2. Although they claim that they have "lived [in] and owned" the house for sixteen years, Plaintiffs concede that the property is "not the primary home." Pls.' Answer to Defs.' Mot. to Dismiss, p. 5 ¶ 10. In 2006, Plaintiffs decided to refinance the property and entered into a new loan agreement with NCMC. Plaintiffs allege that they were not provided with a version of the final loan documents in their native Spanish language. Compl. ¶ 47. Plaintiffs executed a promissory note, which was secured by a deed of trust in the amount of $684,000.00. NCMC originated Plaintiffs' loan. HomEq is the servicer for the subject loan, Deutsche, as the trustee, holds the beneficial interest in the loan, and TD is the foreclosure trustee.

On March 16, 2009, Plaintiffs filed the instant action in the Santa Clara Superior Court, seeking injunctive and declaratory relief and damages. On May 6, 2009, Homeq and Deutsche removed the action to this Court pursuant to 28 U.S.C. § 1441.

## II. LEGAL STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the

legal sufficiency of claims asserted in a complaint. A complaint may be dismissed for failure to state a claim upon which relief may be granted for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg*, 18 F.3d at 754. In addition, leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). Conversely, dismissal may be ordered with prejudice when amendment would be futile. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

"Although a pro se litigant. . .may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). It is not enough for a plaintiff to simply allege that a wrong has been committed and demand relief. Plaintiffs must give fair notice of the claims being asserted and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

### III. DISCUSSION

The FAC alleges twenty two claims for relief. Although Plaintiffs no longer allege the federal claims they asserted in the original complaint, Plaintiffs nevertheless raise federal questions in the FAC by challenging the constitutionality of 12 C.F.R. § 226.32 and alleging violations of 28 U.S.C. § 1446(b). Accordingly, Plaintiffs' argument that their action be remanded to state court is without merit. In the interest of judicial economy, this Order will examine more thoroughly only certain examples of thematic flaws found in the FAC. Plaintiffs fail to establish that the moving Defendants owed them any duty, the breach of which would result in an actionable claim. Moreover, Plaintiffs do not substantiate their claims beyond conclusory allegations, often predicated upon state law not applicable in this matter. As a result,

3

Case No. C 09-1995 JF (RS)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LIMITED LEAVE TO AMEND
(JFEX1)

the FAC fails to state a claim upon which relief may be granted.

However, it appears that Plaintiffs may be able to provide greater particularity with respect to their claim of fraud against Defendants. The Court is mindful of the fact that Plaintiffs are pro se litigants and, therefore, will grant Plaintiffs an opportunity to amend the complaint to provide further factual specificity in support of their claim that Defendants committed fraud.

**A.     Section 226 Does Not Apply to Investment Properties**

Plaintiffs challenge the constitutionality of 12 C.F.R. § 226. 12 C.F.R. § 226.32(a)(2) only applies to a consumer credit transaction secured by a consumer's principal dwelling. This section does not apply to residential mortgages. Plaintiffs admit that the property in question is an rental investment property and not their principal dwelling. Compl. ¶¶ 30, 35, 40, 41. The section therefore has no applicability to Plaintiffs' claims. Moreover, Plaintiffs cite no law or other legal basis for challenging the validity of this section.

**B.     Plaintiffs' First Claim for Relief is Not Actionable**

Plaintiffs' first claim is based upon Cal. Code Civ. Pro. §§ 92(d), 96(a), and Cal. Civ. Code § 3294. These sections apply only to limited civil cases in state court, and the instant case is not a limited civil case. Section 92(d) governs motions to strike; section 96(a) governs statements of witnesses; section 3294 governs punitive and exemplary damages for claims not based in contract. None of these statutes provide a cognizable claim for relief.

**C.     Discovery Violations**

Plaintiffs allege that Defendants have violated provisions of the California Code of Civil Procedure. Discovery in federal cases is governed by Federal Rule of Civil Procedure 26, and discovery violations alone to not provide the basis for a cognizable claim for relief.

**D.     Business and Professions Code Claims are Preempted by the Home Owner's Loan Act**

Plaintiffs' third and fifth claims are asserted under Cal. Bus. & Profs. Code §§ 17500 and 17200. However, these claims are preempted by the Home Owner's Loan Act of 1933 ("HOLA"). 12 U.S.C. §§ 1461-1470. Congress enacted HOLA "to charter savings associations under federal law, at a time when record numbers of home loans were in default and a staggering

4

number of state-chartered savings associations were insolvent." *Silvas v. E*Trade Mortgage Corp.,* 514 F.3d 1001, 1004 (9th Cir.2008) (citing *Bank of Am. v. City and County of San Francisco,* 309 F.3d 551, 559 (9th Cir.2002)). "Through HOLA, Congress gave the Office of Thrift Supervision ("OTS") broad authority to issue regulations governing thrifts." *Id.* at 1005 (citing 12 U.S.C. § 1464). "As the principal regulator for federal savings associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." *Id.*

Subsection (b) of that regulation "provide[s] a list of specific types of state laws that are preempted," and subsection (c) lists the types of state laws that are not preempted. *Id.* at 1005-06. Subsection (b)(9) states that HOLA preempts:

> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and law requiring creditors to supply copies of credit reports to borrowers or applicants.

12 C.F.R. § 560.2(b)(9).

Even if these claims were not preempted by federal law, Plaintiffs' claim for alleged violations of Cal. Bus. & Profs. Code § 17200 is insufficiently pled. Plaintiffs do not explain which alleged business practice of the moving Defendants allegedly violates § 17200. Plaintiffs make no distinction among the individual Defendants or explain how any particular Defendant violated these statutes.

Section 17500 prohibits specific false advertising practices. "A plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation [under § 17200]." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Plaintiffs also must allege facts showing that the complained-of-act is "unlawful," and that it is a "business practice and that at the same time is forbidden by law." *Id.* at 619. Plaintiffs do not plead any of these required elements.

**E.   There is No Requirement That Loan Contracts Be Provided in the Spanish Language**

Although the terms of the loan were negotiated in English, Plaintiffs allege that Defendants violated Cal. Civ. Code §1632 ("Section 1632") when Defendants supplied loan

5

documents did not include Spanish translation.  Although it requires that an English translation of certain contracts and agreements be provided to the consumer,  Section 1632 generally is inapplicable to mortgage loans.  By its terms, the statute applies only to persons engaged in a trade or business who negotiate primarily in Spanish (as well as a number of other foreign languages), orally or in writing, in the course of entering into any of the transactions covered by section 1632.  Specifically, section 1632(b)(2) states that the statute applies to:

> [A] loan or extension of credit secured *other* than by real property, or unsecured, for use primarily for personal family or household purposes.

Cal. Civ. Code § 1632(b)(2) (emphasis supplied).

Plaintiffs admit that the terms of their loan were negotiated in English.  FAC, p. 25, line 25.

**F.     Plaintiffs Fail to Plead Fraud with Particularity**

Plaintiffs' sixth, seventh, ninth, tenth, fourteenth, nineteenth, and twentieth claims all assert fraud and thus must satisfy a heightened pleading standard.  Federal Rule of Civil Procedure 9(b) requires that, when averments of fraud are made, the circumstances constituting the alleged fraud "be specific enough to give Defendants notice of the particular misconduct. . .so that they can defend against the charge and not just deny that they have done anything wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).  Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).  "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.  The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994).

The FAC does not satisfy the pleading requirements.  However, in light of Plaintiffs' pro se status, the Court will allow Plaintiffs an opportunity to amend the complaint to provide greater specificity regarding their claims of fraud against Defendants.  At a minimum, Plaintiffs must indicate to whom they spoke or corresponded, when these communications took place, what was said or written, and on what authority the person(s) acted.  Plaintiffs also must indicate with

1 | particularity which Defendant did what.  It is insufficient merely to state in conclusory terms that
2 | all of the Defendants committed fraud.

### IV.  ORDER

Good cause therefor appearing, it is hereby ordered that Defendants' motion to dismiss is GRANTED, with limited leave to amend as set forth above.

IT IS SO ORDERED.

DATED: 12/18/09



JEREMY FOGEL
United States District Judge

Case No. C 09-1995 JF (RS)
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LIMITED LEAVE TO AMEND
(JFEX1)