**E-Filed July 29, 2010**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JOSE R. CARNERO, et al., | Case Number C 09-1995 JF (PVT) |
| Plaintiffs, | ORDER[1] (1) DENYING PLAINTIFFS' MOTION FOR REMAND; (2) GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND; (3) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE; AND (4) DIRECTING PLAINTIFFS TO SHOW CAUSE WHY ENTIRE ACTION SHOULD NOT BE DISMISSED |
| v. | |
| LUKE WEAVER, et al., | |
| Defendants. | |
| | [re:  doc. nos. 58, 59, 61, 70] |

Before the Court are (1) a motion for remand filed by Plaintiffs Jose and Marta Carnero;
(2) a motion to dismiss filed by Defendant Fidelity National Title Company ("Fidelity"); (3) a
motion to dismiss filed by Defendants Barclays Capital Real Estate dba HomEq Servicing[2]

---

[1] This disposition is not designated for publication in the official reports.

[2] Erroneously sued as Barclays Capital Real Estate, Inc. and as HomEq Service Company.

1  ("Barclays") and Deutsche Bank National Trust Company[3] ("Deutsche"); and (4) a motion to

2  strike filed by Barclays and Deutsche and joined by Fidelity.  The Court has considered the

3  moving and responding papers as well as the oral argument presented at the hearing on May 28,

4  2010.  For the reasons discussed below, the motion for remand will be denied, the motions to

5  dismiss will be granted without leave to amend, the motion to strike will be denied as moot, and

6  Plaintiffs will be directed to show cause why the entire action should not be dismissed.

7  ### I. BACKGROUND

8       On March 16, 2009, Plaintiffs, a husband and wife proceeding *pro se*, filed the instant

9  action in the Santa Clara Superior Court, alleging twenty-two claims under federal and state law

10 arising out of a mortgage transaction.  On May 6, 2009, Defendants removed the action to this

11 Court on the ground that the complaint presented a federal question.

12      On July 22, 2009, the Court denied Plaintiffs' motion for remand, rejecting their

13 argument that removal was untimely.  The Court also dismissed the complaint with leave to

14 amend on the ground that it did not contain a viable federal claim; the Court deferred

15 consideration of the state law claims pending the assertion of a viable federal claim.

16      Plaintiffs filed a first amended complaint on August 20, 2009, again asserting twenty-two

17 claims for relief, although the amended pleading deleted the claims asserted under the Truth in

18 Lending Act and other federal statutes.  On December 18, 2009, the Court dismissed the first

19 amended complaint with leave to amend only as to the fraud claims, and without leave to amend

20 as to the remaining claims.  The Court denied Plaintiffs' renewed request for remand, noting that

21 although Plaintiffs had deleted their federal claims, the amended complaint nonetheless raised

22 federal questions.

23      On March 19, 2010, Plaintiffs filed the operative second amended complaint ("SAC"),

24 *again* asserting twenty-two claims for relief.  The SAC is not limited to fraud claims as directed

25 by the Court in its order dated December 18, 2009.

26

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

28      [3] Erroneously sued as Deutsche/Barclays National Trust Co.

Case No. C 09-1995 JF (PVT)
ORDER (1) DENYING PLAINTIFFS' MOTION FOR REMAND ETC.
(JFLC2)

## II. MOTION FOR REMAND

On May 11, 2010, Plaintiffs filed a renewed motion for remand.  They did not clear the hearing date with chambers or with opposing counsel as required by this Court's standing order. In addition, the motion was filed less than thirty-five days before the hearing date in violation of Civil Local Rule 7-2(a).  The motion repeats arguments previously considered and rejected by the Court, and thus constitutes an unauthorized motion for reconsideration.  For all of these reasons, the motion for remand will be denied.

## III. MOTIONS TO DISMISS

### A.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief may be granted.  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint that raises only "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  The plaintiff must allege facts sufficient to "nudge his claims . . . across the line from conceivable to plausible." *Id*. at 1951 (quoting *Twombly*, 550 U.S. at 570).

"In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).  In the event that dismissal is warranted, it is generally without prejudice, unless it is clear "'that the complaint could not be saved by any amendment.'" *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005) (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)).

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his [or her] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United*

3

*States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  It is not enough for a plaintiff to simply allege that a wrong has been committed and demand relief.  Plaintiffs must give fair notice of the claims being asserted and the grounds upon which it rests.  *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

**B.    Discussion**

As noted above, the Court dismissed all of the claims set forth in the first amended complaint and granted leave to amend only with respect to Plaintiffs' fraud claims.  As to those claims, the Court stated that:

> At a minimum, Plaintiffs must indicate to whom they spoke or corresponded, when these communications took place, what was said or written, and on what authority the person(s) acted.  Plaintiffs also must indicate with particularity which Defendant did what. It is insufficient merely to state in conclusory terms that all of the Defendants committed fraud.

Order of December 18, 2009, at 6-7.  The SAC does not come close to meeting these requirements – rather, it contains the same generalized allegations of wrongdoing that led the Court to dismiss the first amended complaint.  For example, in the SAC Plaintiffs allege that "Defendants: Luke, WWHL, NCMC, Fidelity concealed, certain material facts from plaintiffs whom were not aware of them including, but not limited to the following, Exhibit J, H, and O on loans application and documents these were signed on 10/18/06."  SAC ¶ 122.  The SAC goes on to state a number of "facts" that Defendants concealed, such as "[t]he true interest rate and the approximate monthly mortgage obligation."  *Id*.  The SAC does not allege the dates of any particular conversations or correspondence in which fraudulent statements or omissions were made or the identity of the person or persons involved in such conversations or correspondence, nor does it allege the contents of such conversation or correspondence with adequate specificity.

The Court has granted Plaintiffs two opportunities to amend their pleading.  The Court's last order explained clearly the minimum requirements for a viable fraud claim.  Moreover, the Court continued the hearing on the instant motions at Plaintiffs' request.  While the Court is mindful of their *pro se* status, the pleadings submitted by Plaintiffs to date, and particularly the operative SAC, do not give any indication that Plaintiffs might be able to allege a viable claim even if they were afforded another opportunity to amend.  Accordingly, the Court will grant the

4

motions to dismiss without leave to amend.

## IV. MOTION TO STRIKE

Defendants move to strike the SAC based upon Plaintiffs' disregard of the Court's prior order limiting amendment to the fraud claims.  In light of the Court's disposition of the motions to dismiss, the motion to strike will be denied as moot.

## V. REMAINING DEFENDANTS

It appears that the instant order disposes of the claims against all defendants that have been served and that have appeared in this action.  It does not appear that the remaining defendants – Luke Weaver, Worldwidesavers.com Home Loans, New Century Mortgage, and TD Service Company – have been served, and none of those defendants has appeared.  Accordingly, Plaintiffs will be directed to show cause why the claims against those defendants should not be dismissed without prejudice for failure to prosecute, and why the entire action should not be dismissed at this time.

## VI. ORDER

(1)     Plaintiffs' motion for remand is DENIED;

(2)     Defendants' motions to dismiss are GRANTED WITHOUT LEAVE TO AMEND;

(3)     Defendants' motion to strike is DENIED AS MOOT; and

(4)     Plaintiffs are directed to SHOW CAUSE, in writing and on or before August 16, 2010, why the claims against the remaining defendants should not be dismissed without prejudice for failure to prosecute, and why the entire action should not be dismissed at this time.

Dated:  July 29, 2010

_____
JEREMY FOGEL
United States District Judge

Case No. C 09-1995 JF (PVT)
ORDER (1) DENYING PLAINTIFFS' MOTION FOR REMAND ETC.
(JFLC2)

1   Copies of Order served on:

2

3   Eric D. Houser     scleere@houser-law.com

4   Joshua Howard Abel     jabel@houser-law.com, chershey@houser-law.com

5   Lee P. Bardellini     cmcalice@bscb.com, storres@bscb.com

6   Jose R. Carnero
    Marta C. Carnero
7   1558 Minnesota Avenue 1/2
    San Jose, CA 95125-4445
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6